## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

Savanna Ann Kottke,                                                                                      Bky. No. 22-41513

　　　　　　Debtor.

First National Bank of Omaha,                                                                 Adv. No.:22-04051

　　　　　　Plaintiff,

v.

Savanna Ann Kottke,

　　　　　　Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND ORDER FOR JUDGMENT

The Plaintiff's motion for default judgment, which was supported by affidavit and attached exhibits, came before the undersigned.

Based upon the pleadings, the file, and the record of the proceedings herein, the Court makes the following findings of fact, conclusions of law and order for judgment.

### Findings of Fact and Conclusions of Law

1.　　The Debtor, Savanna Ann Kottke, was issued a credit card account by First National Bank of Omaha, number xxxx-xxxx-xxxx-6225, which account was opened on December 11, 2017.

2.　　On June 8, 2022, the Account was in good standing and the balance on the account was $2,874.19.

3. Between June 8, 2022 and August 26, 2022, the Debtor started charging excessively and charged $11,476.16 on the Account, which exceeded the Debtor's credit limit.

4. The Debtor's charges on the account during this time period, included, but were not limited to:

   a. A charge to Hilton Myrtle in the amount of $947.85;

   b. A charge to Hilton Hotels in the amount of $362.65; and

   c. A charge to Under Armor in the amount of $236.10; and

   d. A charge to Carter's in the amount of $315.50.

5. The Debtor made two payments on the Account after the change in spending and prior to filing for bankruptcy protection.

6. The Debtor received her bankruptcy counseling on January 24, 2022, confirming her contemplation of filing for bankruptcy, and nonetheless, she kept charging on this Account.

7. The Debtor listed this account in her bankruptcy schedules as only having a balance of $8,600.00.

8. Given the Debtor's monthly income, monthly living expenses, and circumstances as set forth in her sworn Schedules and sworn Statement of Financial Affairs, at the time the Defendant incurred the abovementioned $11,476.16 in charges, the Debtor's monthly disposable income was not sufficient to pay for these transactions pursuant to the terms and conditions associated with the account.

9. The Debtor made approximately $9,176.16 in purchases on the abovementioned accounts within 90 days of filing bankruptcy.

10. To the extent that the Debtor incurred luxury good purchases or services aggregating more than $800.00 within ninety days of filing this Chapter 13 bankruptcy, said luxury

good purchases or services are presumed nondischargeable pursuant to 11 U.S.C. §523 (a) (2) (C)(i).

11. Based on the location, frequency, amounts, and change in spending, the $9,176.16 in charges made during the 90-day period were for luxury and/or non-necessity type goods or services and should not be discharged.

12. Pursuant to the account agreement, the Debtor agreed to repay Plaintiff for the charges on the account by using the card and represented that she had the ability to repay for the charges.

13. When the Debtor made the $11,476.16 in charges on this account, the Debtor represented to Plaintiff by signing a written agreement that she had the intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement and by use of the card.

14. The Plaintiff relied upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement in allowing the Debtor to use the account and incur the charges.

15. Although the Debtor knew or should have known that she would not be able to repay Plaintiff for the check, the Debtor quickly charged $11,476.16 on the account in a short period of time, made minimal payments, and subsequently filed for bankruptcy.

16. The Debtor's spending habits and patterns changed suddenly and drastically during the pre-bankruptcy time period.

17. The Debtor was using the account infrequently for several months and then quickly used most of the credit in a short period of time and then made two minimal payments before filing for bankruptcy protection.

18. The Debtor either deliberately intended to deceive Plaintiff or acted recklessly with regard to her ability to pay Plaintiff for the $11,476.16 in charges.

19. The Plaintiff monitored the Defendant's card activity and credit worthiness on a monthly basis and there were no indications and/or "red flags" indicating that Defendant would not repay Plaintiff for these charges.

20. The Plaintiff was justified in its reliance upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement.

21. The Debtor incurred the abovementioned $11,476.16 debt on the Plaintiff's accounts at a time when the Debtor was unable to meet her existing financial obligations as they became due.

22. Based upon the above, at the time the Debtor incurred the abovementioned $11,476.16 debt, the Debtor intended to deceive the Plaintiff in that she either had no intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement or the Debtors knew or should have known that she had no ability to repay said debt to the Plaintiff.

23. Based upon the above, at the time the Debtor incurred the abovementioned $11,476.16 debt, the Debtor deceived the Plaintiff in that she made such representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement with knowledge that the debtor was unable to repay Plaintiff or to abide by the terms of the account agreement with a reckless disregard as to the truthfulness of said representations.

24. This is an action brought by the Plaintiff to determine that the claim held by Plaintiff against Debtor is excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A) and/or 11 U.S.C. §523(a)(2)(C).

25. Plaintiff duly served Debtor with a copy of its Complaint alleging that the indebtedness to the Plaintiff is an exception to discharge pursuant to 11 U.S.C. §523 (a) (2) (A), and/or §523 (a) (2) (C).

26. Debtor has failed to answer the Complaint or otherwise appear or defend in this action and, accordingly, Debtors are in default.

27. Plaintiff filed an affidavit, as required by Fed. R. Bankr. P. 7055(a), confirming the appropriate judgment amount in this case. Plaintiff also filed an Application with all of the information required by L.R. 7055-1.

28. Plaintiff is entitled to default judgment and default judgment shall be granted to the Plaintiff, First National Bank of Omaha, against the Debtor in the amount of $11,476.16 plus the $350.00 Adversary Proceeding filing fee, for a total of $11,826.16.

### Order for Judgment

IT IS HEREBY ORDERED:   That default judgment shall be granted to the Plaintiff, First National Bank of Omaha, against the Debtor in the amount of $$11,476.16 plus the $350.00 Adversary Proceeding filing fee, for a total of $11,826.16 pursuant to 11 U.S.C. §523 (a)(2)(C) and/or 11 U.S.C. §523 (a) (2) (A).

*/e/Kesha L. Tanabe*

Dated: *February 2, 2023*

Kesha L. Tanabe
United States Bankruptcy Judge